UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROOT FOUR IMAGINATION INC., MAURICE TUFF, and GREGORY BROWNE,<br><br>Plaintiffs,<br><br>-against-<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>Defendant. | Civil Case No.: 16 Civ. 3149 (PAE)<br>[rel. 15 Civ. 3223 (PAE)] |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER OF REQUEST)

The United States District Court for the Southern District of New York, in the United States of America, presents its compliments to the Attorney-General's Department of the Commonwealth of Australia ("Attorney-General's Department") and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court (the "Request").

This Request relates to the above-captioned civil proceedings currently pending in this Court, in which plaintiffs Root Four Imagination Inc. ("Root Four"), Maurice Tuff, and Gregory Browne (collectively, "Plaintiffs") and defendant LexisNexis Risk Solutions Inc. ("LexisNexis") are the parties.

This Court requests the assistance of the Attorney-General's Department to compel the production of documents from AAI Ltd. (trading as AAMI) of Brisbane, Australia ("AAMI"). The assistance described herein is necessary and required in the interests of justice.

This Court has determined that the testimony and documents sought from AAMI as described in this Request cannot be secured except by intervention by the Attorney-General's Department.

**Letter of Request**

| | |
|---|---|
| 1. Sender | Hon. Paul A. Engelmayer<br>United States District Judge<br>United States District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States of America |
| 2. Central Authority of the Requesting State | The Secretary to the Attorney-General's Department of the Commonwealth of Australia<br>Private International Law Unit<br>Australian Government<br>Attorney-General's Department<br>Robert Garran Offices<br>3-5 National Circuit<br>BARTON ACT 2600<br>Australia |
| 3. Person to whom the executed request is to be returned | Christopher R. Kinkade, Esquire<br>Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>United States of America<br>Telephone: +001 (609) 844-3023<br>Facsimile: +001 (609) 896-1469<br>E-mail: ckinkade@foxrothschild.com |

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

| | |
|---|---|
| Date | A response is requested as soon as reasonably practicable. |
| Reason for urgency | This request pertains to an ongoing civil litigation in which factual discovery is scheduled to conclude September 30, 2016. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

| | |
|---|---|
| 5. a. Requesting judicial authority (Article 3, a) | United States District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States of America |

3

| | |
|---|---|
| b.  To the competent authority of (Article 3, a) | The Secretary to the Attorney-General's Department of the Commonwealth of Australia, or the Supreme Court of Queensland |
| c.  Names of the case and any identifying number | Root Four Imagination Inc. et al. v. LexisNexis Risk Solutions Inc.<br>Civil Case No.: 16 Civ. 3149 (PAE) |

6. Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b)

| | |
|---|---|
| a.  Plaintiff | Root Four Imagination Inc. |
| Representatives | Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>United States of America |
| Plaintiff | Maurice Tuff |
| Representatives | Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>United States of America |
| Plaintiff | Gregory Browne |
| Representatives | Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>United States of America |
| b.  Defendant | LexisNexis Risk Solutions Inc. |
| Representatives | Bondurant, Mixson & Elmore, LLP<br>3900 One Atlantic Center<br>1201 West Peach Street, N.W.<br>Atlanta, Georgia 30309<br><br>Cowan DeBaets Abrahams & Sheppard LLP<br>41 Madison Avenue, 34th Floor<br>New York, New York 10010 |

|   |   |
|---|---|
|   | Fitzpatrick, Cella, Harper & Scinto<br>1290 Avenue of the Americas<br>New York, New York 10140 |
| c. Other parties | None |
| Representatives | Not Applicable |
| 7. a. Nature of proceedings | Breach of Contract<br>Patent – Correction of Inventorship<br>Patent – Infringement<br>Misappropriation of Trade Secrets (related action) |
| b. Summary of complaint | This is an action for damages and injunctive relief arising from defendant LexisNexis' breaches of the parties' Mutual Nondisclosure Agreement, API License Agreement, and Distribution and Sales Agreement, patent infringement under 35 U.S.C. § 271, and breaches of the parties' agreement related to patent ownership and designation of patent inventorship. |
| c. Summary of defense and counterclaim | Defendant has not yet answered the complaint as to the patent claims.  Defendant denies that it has breached any of the contracts between the parties or misappropriated Plaintiffs' trade secrets in any manner. |
| d. Other necessary information or documents | Not applicable. |
| 8. a. Evidence to be obtained or other judicial act to be performed | It is requested that the Senior Master compel the production of documents described in Schedule "A" attached hereto. |
| b. Purpose of the evidence or judicial act sought | Proof of LexisNexis' breaches of the parties' Mutual Nondisclosure Agreement, API License Agreement, and Distribution and Sales Agreement via disclosure of Plaintiffs' proprietary and confidential information. |
| 9. Identity and address of person to be examined (Article 3, e) | AAI Ltd.<br>Level 28,<br>266 George Street,<br>Brisbane,<br>QLD 4000, |

5

| | |
|---|---|
| | Australia |
| 10. Questions to be put to the persons to be examined o statement of the subject-matter about which they are to be examined (Article 3, f) | Not applicable |
| 11. Documents or other property to be inspected (Article 3, g) | Any and all documents described in Schedule "A" attached hereto. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | This Court requests that a representative of AAMI provide an affidavit affirming under oath that all documents in AAMI's possession, custody or control that are responsive to these requests have been produced. |
| 13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court requests that, except to the extent that such rules are incompatible with the internal laws of Australia, all documents requested herein be produced in accordance with the U.S. Federal Rules of Civil Procedure and the U.S. Federal Rules of Evidence, as they would apply during a trial in the United States District Court. |
| 14. Request for notification of the time and place for the execution of the Request and identity and any person to be notified (Article 7) | Please notify the following persons if and when exact certified copies will be produced, or when and where the examination and production of documents requested for inspection and copying is to be located:<br><br>FOX ROTHSCHILD LLP<br>Christopher R. Kinkade, Esquire<br>Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>United States of America<br>Telephone: +001 (609) 844-3023<br>Facsimile: +001 (609) 896-1469<br>E-mail: ckinkade@foxrothschild.com |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | Not applicable |
| 16. Specification of privilege or duty | |

6

| | |
|---|---|
| to refuse to give evidence under the law of the State of origin (Article 11, b) | |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | This Court. |

Dated: New York, New York

_____

_____
Paul A. Engelmayer
United States District Judge

7

## SCHEDULE A

**DEFINITIONS**

1. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), i.e., "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term."

3. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The use of the singular form of any word includes the plural and vice versa.

10. The terms "You," "Your," and "AAMI" means AAI Ltd. (trading as AAMI), and the officers, directors, shareholders, predecessors, divisions, and subsidiaries, licensees, agents, and affiliated or related companies, if any, thereof.

11. The term "LexisNexis" means LexisNexis Risk Solutions Inc., and the officers, directors, shareholders, predecessors, divisions, and subsidiaries, licensees, agents, and affiliated or related companies, if any, thereof.

12. "Telematics Device" means any physical device made, sold, used, distributed, or provided by or at the direction of LexisNexis or its Affiliates with the intended purpose of collecting, capturing, receiving, or transmitting automotive telematics.

13. "Telematics Application" means any software application or program made, sold, used, distributed, or provided by or at the direction of LexisNexis or its Affiliates intended for use with a Telematics Device for collecting, capturing, receiving, or transmitting automotive telematics, including but not limited to LexisNexis Telematics Driver and LexisNexis Telematics Mobile.

14. The "'495 Patent" means U.S. Patent No. 8,928,495.

15. The "'957 Patent" means U.S. Patent No. 9,164,957.

16. The "LexisNexis Patents" refers to the '495 Patent and the '957 Patent, collectively.

17. The "'717 Application" means U.S. Patent Application Serial No. 13/796,717.

18. The "'816 Application" means U.S. Patent Application Serial No. 13/909,816.

19. The "'400 Application" means U.S. Patent Application Serial No. 13/012,400.

20. The "'388 Application" means U.S. Patent Application Serial No. 13/350,388.

21. The "'436 Provisional" means U.S. Provisional Patent Application No. 61/738,436.

22. The "'508 Application" means U.S. Patent Application Serial No. 14/838,508.

23. The "LexisNexis Applications" refers to the '400 Application, the '388 Application, the '508 Application, and the '436 Provisional, collectively.

**DOCUMENTS REQUESTED**

1. All Documents and Communications concerning Your business dealings with LexisNexis.

2. All Documents and Communications concerning Telematics Applications or Telematics Devices manufactured, sold, distributed, or used for or by LexisNexis.

3. All Documents and Communications exchanged between You and LexisNexis concerning Telematics Applications.

4. All Documents and Communications exchanged between You and LexisNexis concerning Telematics Devices, specifically including but not limited to OBDII and 12V (cigarette lighter) tethered Telematics Devices.

5. All Documents and Communications exchanged between You and LexisNexis concerning Root Four Imagination Inc.

6. All Documents and Communications exchanged between You and LexisNexis concerning Maurice Tuff.

7. All Documents and Communications exchanged between You and LexisNexis concerning Gregory Browne.

8. All Documents and Communications exchanged between You and LexisNexis concerning the AAMI Safe Driver App.

9. All documents and things evidencing, comprising, referring to or otherwise concerning Your adoption and use of the SAFE DRIVER Mark.

10. All documents and things comprising, relating, referring to, underlying or otherwise comprising any trademark search(es) performed by, or on behalf of, AAMI or LexisNexis prior to the adoption and use of the SAFE DRIVER Mark, or any other mark comprising "Driver" in connection with any devices or services related to usage-based insurance, telematics, Telematics Devices, or Telematics Applications.

11. All documents and things referring or relating to any marks You considered as an alternative to the SAFE DRIVER Mark when selecting the mark.

12. All Documents and Communications exchanged between You and LexisNexis concerning the LexisNexis Patents and the LexisNexis Applications.

13. All Documents and Communications exchanged between You and LexisNexis concerning LexisNexis' clients or customers for its Telematics Devices and Telematics Applications.

14. All Documents and Communications exchanged between You and LexisNexis concerning the market size for Telematics Devices and Telematics Applications, including projected revenues and profits.

15. All Documents and Communications concerning specifications for all Telematics Devices and Telematics Applications that you have manufactured, designed, developed, or worked on in any capacity for or with LexisNexis.

16. All Documents and Communications concerning any modifications or improvements to any Telematics Devices and Telematics Applications that you have manufactured, designed, developed, or worked on in any capacity for or with LexisNexis.